UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re

MAHMOUD S. RAHIM and
RAYA H. ABDULHUSSAIN,

        Debtors.

_____/

PACIFICA LOAN FOUR, LLC,

        Plaintiff,

v.

MAHMOUD S. RAHIM and
RAYA H. ABDULHUSSAIN,

        Defendants.

Chapter 7

Case No. 10-57577-swr

Hon. Steven W. Rhodes

Adv. Pro. No.

Hon.

## COMPLAINT

Plaintiff Pacifica Loan Four LLC ("Pacifica"), creditor of the above-captioned debtors Mahmoud Rahim and Raya H. Abdulhussain, for its complaint, sets forth and alleges as follows:

### JURISDICTION AND VENUE

1. This is an adversary proceeding brought pursuant to 11 U.S.C. §§ 727(a)(2), (3) (4), and (5), and Part VII of the Federal Rules of Bankruptcy Procedure.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. This adversary proceeding arises under Title 11, arises in a case under Title 11 and relates to the above-captioned chapter 7 case pending in this district and division.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J).

4. Venue is proper in this District and this Court pursuant to 28 U.S.C. § 1409.

## FACTUAL BACKGROUND

5. Defendants, husband and wife, filed a voluntary chapter 7 bankruptcy petition on May 27, 2010 (the "Petition Date").

6. Pacifica is a Delaware limited liability company with its principal place of business in California. Defendants owe a debt to Pacifica in the amount of $3,815,352, plus accrued interest. *See* Schedule F, Dkt. No. 11, at p. 20.

7. Defendants filed schedules of assets and liabilities in their chapter 7 case (the Schedules," Dkt. No. 11) and declared under penalty of perjury that the Schedules were true and correct to the best of their knowledge.

8. At his examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendant Rahim testified that Defendants have made and continue to make regular payments of approximately $1,000 per month for the living expenses of his niece. These payments are not disclosed in the Schedules.

9. At their examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendants testified that they made other transfers of assets to relatives.

10. At their examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendants could not explain why certain educational and investment accounts that they control were not disclosed in the Schedules.

11. At their examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendants could not explain substantial transfers of funds made from their joint bank account in the months immediately preceding the Petition Date.

12. Defendants, who are both practicing physicians, are 50/50 members in Associated Physicians of Southeast Michigan, P.C. ("Associated Physicians"), a Michigan limited liability company through which they operate their medical practice.

13. At their examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendants could not explain the disposition of payments made by Associated Physicians in 2009 on shareholder loans owed to Defendants.

14. At their examination taken pursuant to Federal Rule of Bankruptcy Procedure 2004, Defendants could not explain large fluctuations in salary payments made to Defendants by Associated Physicians in the months immediately preceding the Petition Date or the disposition of such payments.

15. Defendants have failed to produce certain documents pertaining to their finances and financial transactions, including financial statements and tax returns for business entities controlled by the Debtors, despite repeated requests from Pacifica's counsel and counsel to the Chapter 7 Trustee.

## COUNT I
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(2)

16. Pacifica incorporates the allegations in all preceding paragraphs as if fully set forth herein.

17. As set forth above, Defendants and/or their duly authorized agents have transferred, removed, destroyed, and/or concealed their property, or have permitted these acts to be done, within one year prior to the Petition Date.

18. Defendants took these actions with the actual intent to hinder, delay, or defraud their creditors.

3

19.     Pacifica seeks judgment as hereinafter set forth.

## COUNT II
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(3)

20.     Pacifica incorporates the allegations in all preceding paragraphs as if fully set forth herein.

21.     As set forth above, Defendants have failed to produce certain documents pertaining to their finances and financial transactions despite repeated requests from Pacifica's counsel and counsel to the Chapter 7 Trustee.

22.     The books and records produced by Defendants are not substantially accurate and complete records of Defendants' financial affairs.

23.     Pacifica seeks judgment as hereinafter set forth.

## COUNT III
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(4)

24.     Pacifica incorporates the allegations in all preceding paragraphs as if fully set forth herein.

25.     As set forth above, the Debtors knowingly and fraudulently made material, false oaths in connection with their chapter 7 bankruptcy case, including false statements and/or omissions in the Schedules.

26.     Among other things, the Schedules failed to disclose transfers of assets to relatives of the Debtors and failed to disclose the existence of certain educational and investment accounts controlled by the Debtors.

27.     Pacifica seeks judgment as hereinafter set forth.

## COUNT IV
## DENIAL OF DISCHARGE PURSUANT TO 11 U.S.C. § 727(a)(5)

28. Pacifica incorporates the allegations in all preceding paragraphs as if fully set forth herein.

29. As set forth above, Defendants have failed to offer an adequate explanation of the loss of particular assets that would otherwise be available to satisfy Defendants' creditors.

30. Pacifica seeks judgment as hereinafter set forth.

## PRAYER FOR RELIEF

WHEREFORE, Pacifica respectfully requests that this Court enter judgment in favor of Pacifica and against Defendants as follows:

(a) entering a judgment declaring Defendants' debts nondischargeable pursuant to 11 U.S.C. §§ 727(a)(2), (3), (4), and (5); and

(b) granting Pacifica its reasonable costs and disbursements in connection with this Adversary Proceeding; and

(c) granting such other and further relief as may be just and proper.

Respectfully submitted,

**FOLEY & LARDNER LLP**

By: /s/ Katherine R. Catanese
    Scott T. Seabolt (P55890)
    Katherine R. Catanese (P67542)
    Adam J. Wienner (P71768)
One Detroit Center
500 Woodward Avenue, Suite 2700
Detroit, Michigan 48226
(313) 234-7100
*Attorneys for Plaintiff Pacifica Loan Four, LLC*

Date: September 27, 2010

5